VICTORY ILSUNG, F-01959
Name and Prisoner/Booking Number

CSP-SOLANO
Place of Confinement

P.O. Box 4000
Mailing Address

VACAVILLE, CA 95696
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

**FILED**
May 20, 2020
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTORY ILSUNG,
(Full Name of Plaintiff)    Plaintiff,

v.

(1) MICHAEL YEH
(Full Name of Defendant)

(2) _____

(3) _____

(4) _____
        Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. 2:20-cv-1032 DB (PC)
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT BY A PRISONER**

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

JURY TRIAL DEMANDED

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   ☐ Other: _____

2. Institution/city where violation occurred: CSP-SOLANO/VACAVILLE

## B. DEFENDANTS

1. Name of first Defendant: **MICHAEL YEH**. The first Defendant is employed as: **PHYSICIAN AND SURGEON** (Position and Title) at **CSP-SOLANO** (Institution).

2. Name of second Defendant: _____. The second Defendant is employed as: _____ (Position and Title) at _____ (Institution).

3. Name of third Defendant: _____. The third Defendant is employed as: _____ (Position and Title) at _____ (Institution).

4. Name of fourth Defendant: _____. The fourth Defendant is employed as: _____ (Position and Title) at _____ (Institution).

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?  ☒ Yes  ☐ No

2. If yes, how many lawsuits have you filed? ____. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: **VICTORY ILSUNG** v. **YARMOLYUK**
      2. Court and case number: **2:20-CV-00033-EFB**
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) **STILL PENDING.**

   b. Second prior lawsuit:
      1. Parties: **VICTORY ILSUNG** v. **NOT KNOWN, ALL LEGAL MATERIALS**
      2. Court and case number: **WERE CONFISCATED BY DEFENDANT YARMOLYUK.**
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) **DEFENDANT SETTLED WITH PLAINTIFF IN EASTERN DISTRICT OF CALIFORNIA.**

   c. Third prior lawsuit:
      1. Parties: **PLEASE SEE ABOVE.** v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

2

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: <u>EIGHTH AMENDMENT.</u>

2. **Claim I.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☒ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   PLAINTIFF VICTORY ILSUNG IS A STATE PRISONER PROCEEDING WITHOUT COUNSEL IN AN ACTION BROUGHT UNDER 42 U.S.C. 1983. IN MID-DECEMBER 2018, PLAINTIFF STUMBLED THE TWO DIFFERENT TIMES HE EXITED A TRANSPORTATION VAN. HE WAS HANDCUFFED AT THE WAIST, IN LEG SHACKLES, USES A CANE, AND THE VAN HAD A BROKEN STEP. INSTEAD OF THE STEP BEING LEVEL, IT ANGLED APPROXIMATELY AT A 45 DEGREE TILT. ON EXITING THE FIRST TIME, AT THE DIALYSIS CLINIC, PLAINTIFF ALMOST FELL, CAUGHT HIS BALANCE, AND HEARD A POPPING SOUND. LATER WHILE WALKING, THERE WAS MORE POPPING, DISCOMFORT, AND PAIN. ON EXITING THE VAN FOR THE SECOND TIME, AGAIN PLAINTIFF WAS SURPRISED BY THE ANGLE OF THE STEP. WHEN STEPPING DOWN, HE TRIPPED AND WAS FORCED TO JUMP IN ORDER TO REGAIN SOME BALANCE AND AVOID FALLING DOWN.
   PLAINTIFF IMMEDIATELY NOTICED EXTREME SWELLING IN FOOT AND ANKLE AND REMAINED IN PAIN. HE SUBMITTED REQUESTS TO HAVE THE AFFECTED AREA EXAMINED. IT WENT UNDIAGNOSED FOR MONTHS AS

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   IN AUGUST 2019, PLAINTIFF BEGAN TO SUFFER FROM PAINFUL AND CHRONIC DIARRHEA. HE ALSO BEGAN HAVING SEVERE CHEST PAINS. DEFENDANT REFUSED TO OFFER ANY TREATMENT. DIALYSIS STAFF DETERMINED ON SEPTEMBER

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim I? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

1  PLAINTIFF LANGUISHED IN PAIN. EVENTUALLY, DR. R WATERS WROTE
2  WHAT HE SAW AFTER VIEWING PLAINTIFF'S X-RAYS ON 9/16/19,
3  NINE MONTHS LATER. "FINDINGS: CHANGES COMPATIBLE WITH
4  CHARCOT FOOT ARE REDEMONSTRATED WITH CHRONIC APPEARING
5  ARTICULAR SURFACE IRREGULARITY AT THE SECOND THROUGH FIFTH
6  TARSOMETATARSAL JOINTS WITH LATERAL SUBLUXATION OF THE
7  METATARSAL BONES. IRREGULARITY AT THE MEDIAL CUNEIFORM AND
8  TALONAVICULAR JOINT ARE REDEMONSTRATED WITH SUBLUXATION AT
9  THE TARSOMETATARSAL JOINTS. THE BONES ARE DIFFUSELY DEMINERAL-
10 IZED. MILD TO MODERATE FOREFOOT ARTHRITIS. ATHEROSCLEROTIC
11 VASCULAR DISEASE IS NOTED. IMPRESSION: CHARCOT FOOT. SUBLUXED
12 SECOND THROUGH FIFTH TARSOMETATARSAL JOINTS. CLINICAL
13 INDICATION: F/U CHARCOT FOOT-WEIGHT BEARING COMPARISON:
14 JULY 5, 2019. TECHNIQUE: 3 VIEWS OF THE FOOT." DR. WATERS SAW
15 THE PAIN THROUGH X-RAYS ALONE.
16    ACCORDING TO THE AMERICAN COLLEGE OF FOOT AND ANKLE
17 SURGEONS (ACFAS), "CHARCOT FOOT IS A CONDITION CAUSING WEAKENING
18 OF THE BONES IN THE FOOT THAT CAN OCCUR IN PEOPLE WHO HAVE
19 SIGNIFICANT NERVE DAMAGE (NEUROPATHY). THE BONES ARE WEAKENED
20 ENOUGH TO FRACTURE, AND WITH CONTINUED WALKING, THE FOOT
21 EVENTUALLY CHANGES SHAPE. AS THE DISORDER PROGRESSES, THE JOINTS
22 COLLAPSE AND THE FOOT TAKES ON AN ABNORMAL SHAPE, SUCH AS A
23 ROCKER-BOTTOM APPEARANCE. CHARCOT FOOT IS A SERIOUS CONDI-
24 TION THAT CAN LEAD TO SEVERE DEFORMITY, DISABILITY AND EVEN
25 AMPUTATION."
26   PLAINTIFF IS DEALING WITH ALL OF THE ABOVE SYMPTOMS BUT
27 HAS NOT FACED AMPUTATION YET.
28   A SERIOUS MEDICAL NEED EXISTS HERE. FAILURE OF MEDICAL

3-A

1. TREATMENT CAN "LEAD TO THE LOSS OF A TOE, FOOT, LEG OR LIFE,"
2. ACCORDING TO A.C.F.A.S.
3. PLAINTIFF WAS UNABLE TO PUT WEIGHT ON HIS LEFT SIDE BUT
4. WAS FORCED TO. NO ACCOMODATIONS TO HIS LIVING CONDI-
5. TIONS WERE MADE. ALL OF HIS DAILY ACTIVITIES WERE
6. AFFECTED. ULCERS, BLISTERS, AND A CALLUS ADDED TO THE PAIN
7. OF SEVERAL FRACTURES WITHIN THE FOOT. PLAINTIFF CONTINUED
8. TO NOTIFY HIS PRIMARY CARE PROVIDER (PCP), DEFENDANT
9. MICHAEL YEH, ABOUT THE CHRONIC AND SERIOUS PAIN.
10. IN THE SUMMER OF 2019, DEFENDANT LIED WHEN HE TOLD
11. PLAINTIFF THAT HE WOULD PRESCRIBE AN ORDER FOR PLAINTIFF
12. TO EXPLAIN HIS PAIN TO PAIN MANAGEMENT STAFF, A
13. SEPARATE STAFF/GROUP THAT FOCUSES PRIMARILY ON PAIN.
14. ULTIMATELY, THE PCP WRITES PRESCRIPTIONS, NOT SPECIALISTS
15. OR CONSULTANTS. IN SEPTEMBER, 2019 A R.N. WAS TRUTHFUL WHEN
16. SHE SAID DEFENDANT NEVER WROTE AN ORDER FOR PLAINTIFF TO
17. HAVE A CONSULTATION WITH PAIN MANAGEMENT STAFF.
18. "SENTINEL EVENT MEANS A PATIENT SAFETY EVENT, INCLUDING
19. ADVERSE EVENTS AS DEFINED IN CALIFORNIA HEALTH AND SAFETY
20. CODE SECTION 1279.1, NOT PRIMARILY RELATED TO THE NATURAL
21. COURSE OF THE PATIENT'S ILLNESS OR UNDERLYING CONDITION
22. THAT RESULTS IN DEATH, PERMANENT HARM, OR A TEMPORARY
23. IMPAIRMENT THAT AFFECTS THE PATIENT AND LIMITS THEIR
24. ABILITY TO FUNCTION NORMALLY FOR A SIGNIFICANT AMOUNT OF
25. TIME." THIS WAS A SENTINEL EVENT AS DESCRIBED IN TITLE
26. 15'S, CALIFORNIA CODE OF REGULATIONS (TITLE 15) 3999.98.
27. PLAINTIFF SUFFERS FROM ONGOING, CONTINUING HARM AS A
28. RESULT OF THE BROKEN TRANSPORTATION VAN STEP AND

3-B

1. DEFENDANT'S REFUSAL TO PROVIDE RELIEF FROM CHRONIC AND
2. SERIOUS PAIN. THE PAIN HAS BEEN CHRONICLED SINCE
3. DECEMBER OF 2018. THE AILMENT HAS BEEN DIAGNOSED AS
4. A CHRONIC CONDITION. YET THE DEFENDANT CONTINUES HIS
5. DELIBERATE INDIFFERENCE.
6. TITLE 15 3999.98 DESCRIBES PALLIATIVE CARE AS "... SERVICES
7. THAT SUPPORT A PATIENT IN MANAGING HIS OR HER HEALTH
8. CARE NEEDS ASSOCIATED WITH A SERIOUS ILLNESS. SERVICES
9. ARE DESIGNED TO PROVIDE COMFORT, RELIEF FROM PAIN,
10. SUPPORT THE PATIENT, AND TO MAINTAIN OR IMPROVE
11. FUNCTIONING AND QUALITY OF LIFE. PALLIATIVE CARE SERVICES
12. CAN BE PROVIDED AT ANY STAGE OF ILLNESS AND AT ALL
13. LEVELS OF CARE WITHIN THE DEPARTMENT." THERE WAS NEVER
14. ANY PALLIATIVE CARE. THERE WAS NEVER ANY CARE TO "PROVIDE
15. COMFORT" OR A "RELIEF FROM PAIN," BY DEFENDANT, A DIRECT
16. VIOLATION OF PLAINTIFF'S EIGHTH AMENDMENT RIGHTS.
17.
18. INJURIES CONTINUED:
19. 8, 2019 THAT THE DIARRHEA LOWERED PLAINTIFF'S PHOSPHOROUS
20. LEVELS. THIS AFFECTED CALCIUM LEVELS, WHICH CAUSED DIS-
21. COMFORT TO THE HEART. THE NEPHROLOGIST BEGAN AND CONTINUED
22. IMPLORING DEFENDANT TO ADDRESS THE DIARRHEA. THE
23. NEPHROLOGIST WROTE ORDERS, BUT THE PCP, DEFENDANT, HAD THE
24. ULTIMATE POWER TO WRITE PRESCRIPTIONS, EVEN OVER-THE-
25. COUNTER PRESCRIPTIONS. HE NEVER WROTE ANY. DIARRHEA NEVER
26. FULLY STOPPED. DEHYDRATION, DRY, SORE THROAT, AND A RAW
27. BOTTOM HAS NEVER STOPPED. PLAINTIFF HAS ASKED DEFENDANT
28. FOR FIBER, OVER-THE-COUNTER MEDICATION, AND LABS TO BE

3-C

INJURIES CONTINUED:
DRAWN TO TREAT THE DIARRHEA. DEFENDANT STILL REFUSES TO TREAT HIM. PLAINTIFF STILL SUFFERS FROM CHEST PAINS.
   PLAINTIFF'S FOOT ISSUES BEGAN IN DECEMBER 2018. THE PODIATRIST COMES TO PLAINTIFF'S FACILITY ONCE A MONTH, THE FIRST TUESDAY. PLAINTIFF GOES TO DIALYSIS EACH TUESDAY. DEFENDANT HAS MADE NO ACCOMODATIONS FOR THIS. PLAINTIFF MAY SEE THE PODIATRIST TWICE A YEAR INSTEAD OF MONTHLY OR QUARTERLY. AS A RESULT, PLAINTIFF HAS BEEN FORCED TO LANGUISH IN MORE PAIN FOR LONGER PERIODS. PRE-ULCERS, ULCERS, BLISTERS, CALLUS ARE LEFT UNCHECKED AND UNTREATED. A R.N. IN MAY 2020 INSTRUCTED PLAINTIFF TO FIND A ROCK FROM THE PRISON YARD SO THAT PLAINTIFF COULD USE IT TO GRIND THE CALLUS/BLISTER OFF THE BOTTOM OF HIS DEFORMED FOOT.
   PLAINTIFF HAS CONTINUED TO REQUEST PHYSICAL THERAPY FOR HIS FOOT, AN ATTEMPT FOR OTHER STAFF TO SHOW PLAINTIFF HOW TO USE AFFECTED FOOT AND AVOID PAIN AND FURTHER DAMAGE. ALL PATIENT-INITIATED EFFORTS HAVE BEEN DASHED BY DEFENDANT. PLAINTIFF CONTINUES TO SUFFER DAILY FROM UNBEARABLE FOOT PAIN.

3-D

### E. REQUEST FOR RELIEF

State the relief you are seeking:

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT THIS COURT ENTER JUDGMENT GRANTING PLAINTIFF'S:

A DECLARATION THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN VIOLATED PLAINTIFF'S RIGHTS UNDER THE CONSTITUTION AND LAWS OF THE UNITED STATES.

A PRELIMINARY AND PERMANENT INJUNCTION ORDERING DEFENDANT YEH TO TREAT DIARRHEA, PROVIDE FIBER, ORDER PHYSICAL THERAPY, HAVE


I declare under penalty of perjury that the foregoing is true and correct.

Executed on   05-19-2020                                    /s/ [signature]
                    DATE                                          SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


### ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

REQUEST FOR RELIEF CONTINUED:

PODIATRIST SEE PLAINTIFF MONTHLY OR QUARTERLY TO REMOVE CALLUS, STRESS TEST THE HEART, AND PROVIDE PAIN MANAGEMENT MEDICATION.

COMPENSATORY DAMAGES IN THE AMOUNT OF $17,000 AGAINST DEFENDANT.

PUNITIVE DAMAGES IN THE AMOUNT OF $15,000 AGAINST DEFENDANT.

A JURY TRIAL ON ALL ISSUES TRIABLE BY JURY.

PLAINTIFF'S COSTS IN THIS SUIT.

ANY ADDITIONAL RELIEF THIS COURT DEEMS JUST, PROPER, AND EQUITABLE.

6-A