1
2
3
4
5
6
7
8                   UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   VICTORY ILSUNG,                        No. 2:20-cv-1032 DB P

12                  Plaintiff,

13          v.                              ORDER

14   MICHAEL YEH,

15                  Defendant.

16

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §

18   1983.  Plaintiff claims defendant violated his rights under the Eighth Amendment by failing to

19   provide treatment and accommodation for a serious medical condition.  Plaintiff also appears to

20   claim his rights under the Americans with Disabilities Act (ADA) were violated by the failure of

21   the defendant to provide accommodation for plaintiff's disability.  Before the court is plaintiff's

22   motion to proceed in forma pauperis (ECF No. 2) and his complaint for screening (ECF No. 1).

23                          **IN FORMA PAUPERIS**

24          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

25   1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

26          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

27   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

28   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

                                        1

1  the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

2  forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

3  of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

4  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

5  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

6  1915(b)(2).

7  **SCREENING**

8  **I.      Legal Standards**

9  The court is required to screen complaints brought by prisoners seeking relief against a

10  governmental entity or an officer or employee of a governmental entity.  <u>See</u> 28 U.S.C. §

11  1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

12  that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

13  granted, or that seek monetary relief from a defendant who is immune from such relief.  <u>See</u> 28

14  U.S.C. § 1915A(b)(1) & (2).

15  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

16  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th

17  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

18  indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,

19  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

20  pleaded, has an arguable legal and factual basis.  <u>See</u> <u>Franklin</u>, 745 F.2d at 1227.  Rule 8(a)(2) of

21  the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim

22  showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

23  the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S.

24  544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).

25  However, in order to survive dismissal for failure to state a claim a complaint must

26  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

27  factual allegations sufficient "to raise a right to relief above the speculative level."  <u>Bell Atlantic</u>,

28  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

1  allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.

2  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

3  doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

4        The Civil Rights Act under which this action was filed provides as follows:

5          Every person who, under color of [state law] . . . subjects, or causes
        to be subjected, any citizen of the United States . . . to the deprivation

6          of any rights, privileges, or immunities secured by the Constitution .
        . . shall be liable to the party injured in an action at law, suit in equity,

7          or other proper proceeding for redress.

8  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

9  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

10  <u>Monell v. Dept. of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  "A

11  person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

12  1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

13  an act which he is legally required to do that causes the deprivation of which complaint is made."

14  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

15        Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

16  their employees under a theory of respondeat superior and, therefore, when a named defendant

17  holds a supervisorial position, the causal link between him and the claimed constitutional

18  violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979);

19  <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

20  concerning the involvement of official personnel in civil rights violations are not sufficient.  <u>See</u>

21  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

22      **II.**    **Allegations in the Complaint**

23        Plaintiff states the events giving rise to his claim occurred while he was incarcerated at

24  California State Prison Solano.  (ECF No. 1 at 1.)  He names Dr. Michael Yeh as the sole

25  defendant in his complaint.  (ECF No. 1 at 1.)

26        Plaintiff's complaint contains the following allegations: In December 2018, plaintiff

27  stumbled while exiting a California Department of Corrections and Rehabilitation (CDCR)

28  transportation vehicle due to a damaged step on the vehicle.  (ECF No. 1 at 3.)  This caused him

1   to experience "extreme swelling" and pain in his foot and ankle.  (ECF No. 1 at 3.)  The resulting

2   injury was not diagnosed until September 16, 2019, when Dr. R. Waters diagnosed the plaintiff

3   with "Charcot foot"[1] via x-rays.  (ECF No. 1 at 4.)

4   Plaintiff informed defendant, Dr. Michael Yeh, that he was in extreme pain.  (ECF No. 1

5   at 5.)  Dr. Yeh told plaintiff he would prescribe pain medication for the plaintiff.  (ECF No. 1 at

6   5.)  However, Dr. Yeh did not actually prescribe any pain medication.  (ECF No. 1 at 5.)

7   Plaintiff was not given any accommodation for his disorder and his daily activities were

8   affected.  (ECF No. 1 at 5.)  Plaintiff requested physical therapy (PT) to teach him how to use his

9   injured foot without pain or risk of further injury.  (ECF No. 1 at 7.)  Plaintiff was not given

10  access to PT.  (ECF No. 1 at 7.)  Plaintiff was also unable to see a podiatrist regularly as the

11  podiatrist's visits conflicted with his weekly dialysis appointments.  (ECF No. 1 at 7.)

12  Plaintiff also suffers from chronic diarrhea, which began in August 2019.  (ECF No. 1 at

13  2.)  This caused him to suffer from "dehydration, dry, sore throat, and a raw bottom."  (ECF No. 1

14  at 6.)  Additionally, the chronic diarrhea caused him to experience chest pain and heart discomfort

15  due to lowered phosphorus and calcium levels.  (ECF No. 1 at 2, 6.)  Plaintiff requested Dr. Yeh

16  order labs be drawn.  (ECF No. 1 at 6.)  Plaintiff also asked Dr. Yeh to provide him with fiber

17  supplements and over-the-counter medication to treat his ongoing chronic diarrhea.  (ECF No. 1

18  at 6.)  Plaintiff was not given testing or treatment for his chronic diarrhea.  (ECF No. 1 at 7.)

19  **III.    Does Plaintiff State a Claim under § 1983?**

20  Plaintiff has made claims under the Eighth Amendment for failure to provide treatment

21  and accommodation.  Plaintiff's allegation that CDCR did not provide a vehicle he could safely

22  exit and his allegation that he was not given accommodation for his injured foot could imply he is

23  also seeking to make claims under ADA for discrimination on the basis of disability.  This order

24  will address both plaintiff's express claims under the Eighth Amendment and his implied claims

25  under the ADA.

26

27  _____

[1] According to plaintiff's complaint, Charcot foot is a disorder that causes a change in shape of
the foot due to multiple fractures.  (ECF No. 1 at 4.)  These fractures occur due to weakening of

28  the bone in individuals with nerve damage.  (ECF No. 1 at 4.)

1

### A.  Legal Standards under the Eighth Amendment

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S. Const. amend. VIII.  The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.

### B.  Deliberate Indifference to Medical Need

If a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle, 429 U.S. at 106.  An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104).  Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities."  Id. at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must show that prison officials responded to the serious medical need with deliberate indifference.  See Id. at 834.  In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

////

5

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same).  Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"  Farmer, 511 U.S. at 835.

Delays in providing medical care may manifest deliberate indifference.  Estelle, 429 U.S. at 104-05.  To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful.  See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim.  See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

### C.  Americans With Disabilities Act

Title II of the Americans with Disabilities Act prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability.  42 U.S.C. § 12132 (1994); Weinrich v. L.A. County Metro Transp. Auth., 114 F.3d 976, 978 (9th Cir.), cert. denied, 522 U.S. 971 (1997).  The Supreme Court has held that Title II of the ADA applies to

6

state prisons.  <u>Pennsylvania Dept. of Corr. v. Yeskey</u>, 524 U.S. 206, 210 (1998); <u>see also</u> <u>Lee v. City of L.A.</u>, 250 F.3d 668, 691 (9th Cir. 2001).

"Generally, public entities must 'make reasonable modification in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.'" <u>Pierce v. County of Orange</u>, 526 F.3d 1190, 1215 (9th Cir. 2008) (quoting 28 C.F.R. § 35.130(b)(7)).

To state a claim under Title II, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits by the public entity; and (4) such exclusion, denial of benefits or discrimination was by reason of the plaintiff's disability.  <u>Simmons v. Navajo County, Ariz</u>, 609 F.3d 1011, 1021 (9th Cir. 2010); <u>McGary v. City of Portland</u>, 386 F.3d 1259, 1265 (9th Cir. 2004); <u>Weinrich</u>, 114 F.3d at 978.

Furthermore, "[t]o recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant."  <u>Duvall v. County of Kitsap</u>, 260 F.3d 1124, 1138 (9th Cir. 2001).  The standard for intentional discrimination is deliberate indifference, "which requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood."  <u>Id.</u> at 1139.  The ADA plaintiff must both "identify 'specific reasonable' and 'necessary' accommodations that the state failed to provide" and show that the defendant's failure to act was "a result of conduct that is more than negligent, and involves an element of deliberateness."  <u>Id.</u> at 1140.

Although "[t]he ADA prohibits discrimination because of disability," it does not provide a remedy for "inadequate treatment for disability."  <u>Simmons</u>, 609 F.3d at 1022 (citing <u>Bryant v. Madigan</u>, 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners . . . .  The ADA does not create a remedy for medical malpractice.")).

////

7

1          **D.  Analysis**

2                    **1.  Injury of Foot Due to Damaged CDCR Vehicle Step**

3                Plaintiff states that he "suffers ongoing, continuing harm" due to his injury from the

4     damaged CDCR vehicle step.  (ECF No. 1 at 5.)  The only named defendant in this action is Dr.

5     Yeh.  Plaintiff has not alleged that Dr. Yeh knew the step was damaged or had any

6     responsibility for the step.  Accordingly, the complaint fails to state a cognizable Eighth

7     Amendment claim based on the damaged CDCR transportation vehicle step.

8                The facts alleged by the plaintiff imply he may intend to make a claim under the ADA for

9     discrimination on the basis of disability.  If plaintiff raises this issue in an amended complaint, he

10    should state clearly whether he is making a claim under the Eighth Amendment or the ADA.

11    Plaintiff must allege facts addressing each element of the claim or claims as set forth in the legal

12    standards above.  At this time, plaintiff has not alleged any facts which address the elements

13    required to make a claim under the ADA.  As such, plaintiff has not stated a cognizable claim

14    under the ADA.

15                    **2.  Failure to Treat Plaintiff's Foot Pain**

16                Plaintiff alleges that Dr. Yeh was deliberately indifferent to plaintiff's serious medical

17    need when he failed to prescribe pain medication for the plaintiff.  Plaintiff claims he told Dr.

18    Yeh about his extreme pain.  He also claims Dr. Yeh agreed to prescribe pain medication but

19    failed to do so.

20                 Disagreements as to treatment are not grounds for a claim of deliberate indifference.

21    However, plaintiff has essentially alleged that Dr. Yeh did not treat the plaintiff's pain at all,

22    despite agreeing it was necessary.[2]  Accordingly, plaintiff has alleged facts that, for the limited

23    purposes of § 1915A screening, states an Eighth Amendment claim against Dr. Yeh.

24    ////

25    _____

26    [2] Plaintiff states in his complaint that "all his daily activities were affected" (ECF No. 1 at 5) but
      has not included details about what activities were affected and how.  This statement is sufficient
27    for the purposes of screening, but it is also vague.  Should plaintiff amend his complaint, it would
      be a good idea for plaintiff to include additional details about how his daily activities were
28    affected.

1

### 3. Failure to Provide Accommodation for Disability

2      Plaintiff alleges that Dr. Yeh acted with deliberate indifference by failing to provide

3   plaintiff with accommodation for his foot injury.  None of the alleged facts indicate what

4   accommodation plaintiff believes Dr. Yeh should have provided.  Additionally, the facts stated by

5   the plaintiff do not indicate what harm he suffered due to this alleged deliberate indifference. As

6   such, plaintiff has failed to state a cognizable claim under the Eighth Amendment.

7      Plaintiff's allegation that he was not provided accommodation for his injury could also

8   imply that plaintiff intends to make a claim under the ADA for discrimination on the basis of

9   disability.  To state such a claim, plaintiff would need to allege facts that meet the necessary

10   elements of an ADA claim described above.  Plaintiff has not alleged facts which meet the

11   necessary elements an ADA claim.  Additionally, to the extent plaintiff may state an ADA claim,

12   he has not identified a proper defendant.  The proper defendant in an ADA action is the public

13   entity responsible for the alleged discrimination.  U.S. v. Georgia, 546 U.S. 151, 153 (2006).

14   State correctional facilities are "public entities" within the meaning of the ADA.  See 42 U.S.C. §

15   12131(1)(A) & (B); Yeskey, 524 U.S. at 210; Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th

16   Cir. 1997).  Thus, plaintiff has failed to state a cognizable claim under the ADA.

17

### 4. Scheduling Issues with Podiatrist

18      Plaintiff alleges that Dr. Yeh was deliberately indifferent by scheduling podiatrist visits

19   that conflicted with plaintiff's weekly dialysis.  Plaintiff claims this scheduling conflict prevented

20   him from being seeing the podiatrist monthly or quarterly.  Plaintiff also alleges this caused him

21   to experience even greater pain due to untreated "pre-ulcers, ulcers, blisters, and calluses…."

22   (ECF No. 1 at 7.)

23      Plaintiff has not alleged sufficient facts to support this claim.  While plaintiff has claimed

24   a legitimate harm, he has not alleged that Dr. Yeh was responsible for the scheduling of podiatrist

25   visits.  Plaintiff has also not alleged that Dr. Yeh was aware that plaintiff was unable to see the

26   podiatrist.  As such, plaintiff has failed to state a cognizable claim.

27   ////

28   ////

9

1

**5. Access to Physical Therapy**

2  Plaintiff claims that Dr. Yeh exhibited deliberate indifference by failing to order PT for

3  plaintiff's foot.  Plaintiff alleges he requested PT so he could learn how to use his injured foot

4  without causing further pain or damage.  It is unclear from the facts in plaintiff's complaint

5  whether he made this request to Dr. Yeh or to another individual.  To state a claim for deliberate

6  indifference, the plaintiff must allege facts that show that the defendant knew of the plaintiff's

7  serious medical need and was deliberately indifferent to it.  Under the facts alleged, it is unknown

8  whether Dr. Yeh even knew of plaintiff's request for PT.  Accordingly, plaintiff has failed to state

9  a cognizable claim.

10

**6. Failure to Treat Chronic Diarrhea**

11  Plaintiff claims Dr. Yeh was deliberately indifferent to plaintiff's serious medical need

12  when he failed to treat plaintiff's chronic diarrhea.  Plaintiff claims he requested Dr. Yeh order

13  labs as well as prescribe him fiber and over-the-counter medication.  Plaintiff states that he

14  suffered from "dehydration, dry, sore throat, and a raw bottom" as well as chest pain and heart

15  discomfort due to his chronic diarrhea.  (ECF No. 1 at 2, 6.)  Plaintiff also states that these

16  symptoms are ongoing and remain untreated.  (ECF No. 1 at 7.)  Plaintiff has stated facts that, for

17  the limited purposes of § 1915A screening, state an Eighth Amendment claim against Dr. Yeh.

18

**AMENDING THE COMPLAINT**

19  This court finds above that plaintiff's complaint states cognizable claims against Dr. Yeh

20  for failing to treat plaintiff's chronic diarrhea and for failing to treat plaintiff's foot pain.

21  However, plaintiff has failed to state cognizable claims with regards to all other issues he raised.

22  Plaintiff has a choice.  He may proceed on his medical need claims against Dr. Yeh

23  regarding the failure to treat plaintiff's chronic diarrhea and failure to treat plaintiff's foot pain or

24  he may amend his complaint to state other claims against Dr. Yeh or any other defendant.  Any

25  amended complaint must be complete in itself.  The court cannot refer to a prior complaint to

26  understand the plaintiff's claims.  As such, plaintiff must restate, in their entirety, the claims the

27  court has found cognizable, in addition to those which require plaintiff allege additional facts to

28  state a cognizable claim.

1    If plaintiff chooses to file an amended complaint, he must address the problems with his

2 complaint that are explained above.  In an amended complaint plaintiff must clearly identify each

3 defendant and the action that defendant took that violated his constitutional rights.  The court is

4 not required to review exhibits to determine what plaintiff's charging allegations are as to each

5 named defendant.  If plaintiff wishes to add a claim, he must include it in the body of the

6 complaint.  The charging allegations must be set forth in the amended complaint, so defendants

7 have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every

8 detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of

9 each claim.  See Fed. R. Civ. P. 8(a).

10    Any amended complaint must show the federal court has jurisdiction, the action is brought

11 in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

12 contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

13 personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

14 Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the

15 deprivation of a constitutional right if he does an act, participates in another's act, or omits to

16 perform an act he is legally required to do that causes the alleged deprivation).  "Vague and

17 conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v.

18 Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

19    In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

20 R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

21 R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

22 occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

23    The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

24 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

25 heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

26 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

27 set forth in short and plain terms.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)

28 ////

1   ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus

2   litigation on the merits of a claim."); Fed. R. Civ. P. 8.

3          An amended complaint must be complete in itself, without reference to any prior pleading.

4   E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

5   By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has

6   evidentiary support for his allegations, and for violation of this rule, the court may impose

7   sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

8                                        **CONCLUSION**

9          For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as

10  follows:

11     1.  Plaintiff has stated cognizable Eighth Amendment claims against Dr. Yeh for failure to

12         treat plaintiff's chronic diarrhea and for failure to treat plaintiff's foot pain.

13     2.  Plaintiff's other Eighth Amendment and ADA claims against Dr. Yeh are dismissed with

14         leave to amend.

15     3.  Plaintiff may choose to proceed on his cognizable claims set out above or he may choose

16         to amend his complaint.

17     4.  Within sixty (60) days of the date of this order, plaintiff shall fill out and return the

18         attached form indicating how he would like to proceed in this action.

19     5.  Plaintiff is warned that his failure to comply with this order will result in a

20         recommendation that this action be dismissed.

21  Dated:  February 9, 2021

22

23

24                                          DEBORAH BARNES
                                            UNITED STATES MAGISTRATE JUDGE
25

26

27
    DLB:14
28  DLB1/Orders/Prisoner/Civil.Rights/ilsu1032.scrm

                                            12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

8

VICTORY ILSUNG,                              No.  2:20-cv-1032 DB P

            Plaintiff,

      v.                                     PLAINTIFF'S NOTICE ON HOW TO
                                             PROCEED
MICHAEL YEH,

            Defendant.

Check one:

_____   Plaintiff wants to proceed immediately on his Eighth Amendment claims against Dr. Yeh
         for failure to treat plaintiff's chronic diarrhea and for failure to treat plaintiff's foot pain.
         Plaintiff understands that by going forward without amending the complaint he is
         voluntarily dismissing all other claims and defendants.


_____   Plaintiff wants to amend the complaint.


DATED:_____

                                             _____
                                             Victory Ilsung
                                             Plaintiff pro se

14