UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORY ILSUNG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL YEH,<br><br>　　　　Defendant. | No. 2:20-cv-1032 JAM DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has filed motion to appoint counsel and motion for extension of time. (ECF No. 25.) Also before the court is defendant's request to depose the plaintiff by remote means. (ECF No. 23.)

**PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328,

1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances. Plaintiff states that "the issues involved in this case are complex" but does not provide any support for this claim. (ECF No. 25 at 2.) To the contrary, this case does not appear to be complex, involving multiple defendants and claims. The action involves only Eighth Amendment claims against a single defendant for deliberate indifference to medical needs. (ECF No. 9.) Additionally, plaintiff has shown he is currently able to articulate these claims despite his pro se status. The court previously found that plaintiff had successfully alleged sufficient facts to state a claim against the defendant. (ECF No. 5 at 12.)

Exceptional circumstances do not appear to exist currently as the claims presented in this action appear to be relatively simple and plaintiff appears able to articulate his claims despite his pro se status. See Wilborn, 789 F.2d at 1331; Weygandt, 718 F.2d at 954. Plaintiff's limited access to the law library and legal supplies is insufficient to establish the existence of exceptional circumstances. (ECF No. 25 at 2.) Plaintiff may request an extension of time in such circumstances. Accordingly, plaintiff's request to appoint counsel (ECF No. 25) will be denied without prejudice.

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME

Plaintiff requests that the court grant plaintiff an "extension of time in this case." (ECF No. 25 at 3.) However, it is unclear what plaintiff is requesting an date or deadline plaintiff wishes to be extended. For the court to grant an extension of time, plaintiff must inform the court what he is requesting be extended, specify the length of extension requested, and provide what he believes to be good cause for the court to grant the extension. As the court is unable to determine what plaintiff's motion for extension time is in reference to, the motion for extension of time (ECF No. 25) will be denied without prejudice.

////

The court also notes that plaintiff states in his motion that he has refused legal mail because "this mail always has time constraints and plaintiff has no way of addressing anything." (ECF No. 25 at 2.) While court orders or other legal documents may contain time constraints, inability to meet those deadlines is not a permissible reason to refuse receipt of legal mail. If plaintiff requires additional time, he may file a motion requesting an extension of time. Plaintiff is warned that continued refusal to accept legal mail will be seen as plaintiff being unable to proceed with this action and a failure by plaintiff to comply with court orders. Failure to comply with court orders will result in a recommendation that this action be dismissed.

**DEFENDANT'S MOTION TO DEPOSE PLAINTIFF BY REMOTE MEANS**

Defendant has requested permission to conduct a deposition of the plaintiff by remote means pursuant to Rule 30(b)(4) of the Federal Rules of Civil Procedure. (ECF No. 23.) Plaintiff confirmed that he received the defendant's discovery requests. (ECF No. 25 at 3.) Defendant also re-served copies of this request on the plaintiff. (ECF No. 26 at 2.) In light of the ongoing COVID-19 pandemic, defendant's request to depose the plaintiff by remote means pursuant to Rule 30(b)(4) will be granted.

Additionally, it is unclear from the plaintiff and defendant's filings if plaintiff has received the discovery and scheduling order issued on July 21, 2021 (ECF No. 21). To ensure plaintiff has received this order, the Clerk of the Court will be directed to re-serve the discovery and scheduling order on the plaintiff.

////
////
////
////
////
////
////
////
////

3

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to appoint counsel (ECF No. 25) is denied without prejudice;
2. Plaintiff's motion for extension of time (ECF No. 25) is denied without prejudice;
3. Defendant's request to depose the plaintiff by remote means (ECF No. 23) is granted;
4. The Clerk of the Court is directed to re-serve the discovery and scheduling order issued by the court on July 21, 2021 (ECF No. 21) on the plaintiff.

Dated: September 24, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/R/ilsu1032.31