UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORY ILSUNG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL YEH,<br><br>　　　　Defendant. | No. 2:20-cv-01032 JAM DB P<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

　　　Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On July 21, 2021, the court issued a discovery and scheduling order ("DSO"). (ECF No. 21.) According to court records, service of that order was returned undeliverable on July 26, 2021, and the court ordered re-service of the order. The re-served order was again returned undeliverable on August 20, 2021.

　　　On September 7, 2021, the court instructed counsel for the defendant to determine if plaintiff was still located at California State Prison, Solano ("SOL"). (ECF No. 24.) Before counsel for the defendant could respond, plaintiff filed a motion for extension of time and motion for appointment of counsel. (ECF No. 25.) In his motion, plaintiff states that he refused mail from the court because "this mail always has time constraints and plaintiff has no way of addressing anything." (<u>Id.</u> at 25.) As the DSO was not served, these motions do not appear to have been in response to the DSO. Counsel for the defendant filed a notice as to plaintiff's location on September 16, 2021. (ECF No. 26.) This response included a declaration from the

SOL Litigation Coordinator stating that plaintiff was still located at SOL.  (ECF No. 26-2.) Defendant also filed a declaration from the Mailroom Supervisor at SOL which states that service and re-service of the DSO were returned undeliverable due to plaintiff refusing mail from the court.  (ECF No. 26-1.)

On September 27, 2021, the court issued an order in which the court informed the plaintiff that an inability to comply with deadlines set by the court was not "a permissible reason to refuse receipt of legal mail."  (ECF No. 27 at 3.)  The court warned plaintiff that "continued refusal to accept legal mail will be seen as plaintiff being unable to proceed with this action and a failure by plaintiff to comply with court orders" and cautioned the plaintiff that "failure to comply with court orders will result in a recommendation that this action be dismissed."  (Id.)  Court records show that service of this order, as well as two more attempts to re-serve this order, were returned undeliverable.

Starting on July 12, 2021, orders sent to the plaintiff by legal mail have been returned undeliverable a total of seven times so far.  Specifically, this occurred on July 12, 2021, July 26, 2021, August 17, 2021, August 20, 2021, October 12, 2021, October 14, 2021, and October 26, 2021.  Of these occurrences, three specifically state that the reason the order was returned undeliverable is that delivery was "refused".

Under Local Rule 110, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."   Plaintiff plainly does not intend to proceed with prosecuting this action.  See Morris v. Modhaddam, et al., 2:18-cv-2850, 2020 WL 5658334, *2 (E.D. Cal. 2020) (finding that by repeatedly refusing to accept legal mail, plaintiff makes clear that he does not intend to prosecute the action).  By repeatedly refusing legal mail, plaintiff has effectively blocked all communication from the court.  By his own admission, plaintiff has done this to avoid complying with deadlines set by court order.  Given the above, the court will recommend that this action be dismissed for failure to prosecute and failure to comply with comply with court orders.

////

Additionally, defendant has filed a motion to compel. (ECF No. 29.) Given that it will be recommended that this motion be dismissed, the court will deny without prejudice the motion to compel. Should these findings and recommendations be vacated or refused, defendant may re-notice their motion to compel.

**CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED that defendant's "Motion to Compel" (ECF No. 29) is denied without prejudice to its renewal.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice. See Local Rule 110; Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 5, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/R/ilsu1032.fr.dism